IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY,

    Plaintiff,

v.

ESTATE OF DARRELL
STEWART, *et al.*,

    Defendants.

Case No. 3:18-cv-74

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT ANGEL HUNTER'S MOTION FOR SUMMARY JUDGMENT (DOC. #36); AWARDING DARRELL STEWART'S LIFE INSURANCE PROCEEDS IN EQUAL PARTS TO DEFENDANTS GARRETT STEWART, TAYLOR STEWART, SUMMER REIDENBACH AND ANGEL HUNTER; TERMINATION ENTRY; CLERK OF COURTS DIRECTED TO RETAIN LIFE INSURANCE PROCEEDS FOR THIRTY DAYS OR UNTIL ANTICIPATED APPEAL IS FULLY RESOLVED

---

In this interpleader action concerning Darrell Stewart's life insurance proceeds, Plaintiff Colonial Life and Accident Insurance Company has deposited $100,000, plus accrued interest, with the Clerk of Court. Doc. #35. The Court has previously held that, because Darrell Stewart divorced Sheila Stewart, her status as primary beneficiary on the life insurance policy is revoked by operation of Ohio Revised Code § 5815.33(B)(1). Accordingly, the life insurance proceeds pass to the contingent beneficiaries, identified in the policy as "All Children." Docs. ##29, 33.

It is undisputed that Defendants Garrett Stewart, Taylor Stewart and Summer Reidenbach are Darrell Stewart's children. The only question is whether Angel Hunter is also.[1] This matter is currently before the Court on Hunter's Motion for Summary Judgment on that issue. Doc. #36.

I. **Summary Judgment Standard**

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary

---

[1] Because Stewart never took steps, during his lifetime, to legitimize Hunter, this renders her ineligible, under Ohio law, to inherit under the laws of descent and distribution. Nevertheless, the Court has concluded that, because life insurance policies are a matter of contract law, a beneficiary designation of "all children" "must be construed to mean all offspring, regardless of legitimacy." Doc. #33, pp. 11-12 (quoting *Butcher v. Pollard* (1972), 32 Ohio App. 2d 1, 14-15, 288 N.E.2d 204).

2

to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility

determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

II. **Discussion**

As the Court noted in its June 10, 2019, Decision and Entry, Angel Hunter has presented significant evidence showing that Darrell Stewart is her biological father.

> In support of her claim, Angel submitted an affidavit from her biological mother, Tamre Hunter Ross, who states that there is no doubt that Darrell is Angel's biological father. He was actively involved in Angel's life until he moved to Florida the year after she was born. Darrell's mother was actively involved in Angel's life for many years until she passed away in 2014. Doc. #13-11, PageID##102-104.
>
> According to Angel, although Darrell is not listed as her father on the birth certificate, he held her out to his family and to the community as his daughter, and told her that he was her biological father. She reconnected with him when she was about sixteen years old. Angel notes that, in 2000 and again in 2014, she was listed as a surviving grandchild in the obituaries of Darrell's parents. Darrell was present at her high school graduation and she attended Summer's wedding with him. Perhaps more importantly, Angel is listed as a surviving child in Darrell's obituary. As one of his children, she was asked by the funeral home for permission to cremate him. Doc. #13-3 through 13-10, PageID##85-101.

Doc. #33, pp. 4-5.

In their Memorandum in Opposition to Hunter's Motion for Summary Judgment, the other Defendants admit that they have "no further evidence regarding paternity." Doc. #37. They argue only that Darrell Stewart appears to have expressly disinherited Hunter in his will.

4

Based on the evidence presented, no reasonable jury could find that Darrell Stewart was not Angel Hunter's biological father. Accordingly, the contingent beneficiary designation of "All Children" must be construed to include her. The Court therefore finds that the life insurance proceeds on deposit with the Clerk of Court must be split in the following manner:

- 25% to Taylor Stewart
- 25% to Garrett Stewart
- 25% to Summer Reidenbach
- 25% to Angel Hunter

Judgment shall be entered accordingly.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Nevertheless, given that the Defendants other than Angel Hunter have already indicated their desire to appeal this Court's ruling, the Clerk of Court is DIRECTED to retain the life insurance proceeds until said appeal has been fully resolved. If no Notice of Appeal is filed within 30 days of the date Judgment is entered, the Clerk of Courts is authorized to release the funds in accordance with this Decision and Entry.

Date: July 22, 2019

　　　　　　　　　　　*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE